# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TONY HINES,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-02373-JAD-NJK<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTION DEADLINE (FIRST REQUEST)** |

Defendant, Darren Spiece, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Katlyn M. Brady, Senior Deputy Attorney General, of the State of Nevada, Office of the Attorney General, requests this Court grant a 45-day extension of the dispositive motion deadline.

## I. INTRODUCTION

Defendant respectfully requests this Court extend the deadline to file a dispositive motion from **July 12, 2021, to August 26, 2021**. Good cause supports this extension as counsel has another dispositive motion due today[1] and was recently tasked with creating a new litigation team within the Public Safety Division—Nevada Department of Corrections (NDOC). Counsel is the current team leader of said litigation team, bearing primary case assignment responsibility over all cases previously assigned to both her and her (4) Deputy

---

[1] Case number 2:19-cv-00721-RFB-DJA

Page **1**

Attorney Generals (DAG). With the exception of one DAG, who is currently on leave until August 1, 2021, the three (3) DAGs are new to practice and/or new to civil litigation. In addition, Plaintiff needs additional time for dispositive motions as Plaintiff's motion to amend was recently denied. Accordingly, the parties have agreed to a 45-day extension to draft the dispositive motions as the parties have agreed that it is beneficial to both parties.

## II. BACKGROUND

This matter is based upon Plaintiff's claim that Defendant Spiece violated Plaintiff's rights by failing to provide an adequate description of the confidential information used during a disciplinary hearing. ECF No. 17 at 11:16-19. Plaintiff further claims Defendant did not verify the credibility of the confidential information. *Id.*

Following the opening of discovery, the parties engaged in discovery that ultimately resulted in Plaintiff filing a motion to compel. ECF No. 44. This Court then denied the motion. ECF No. 51.

Plaintiff also filed a motion to amend the Complaint. ECF No. 36. Following briefing, this Court recently denied the motion to amend. ECF No. 52.

On July 12, 2021, due to an emergency of the undersigned counsel, DAG Amy A. Porray conducted a meet and confer with Plaintiff to discuss the dispositive motion deadline. *See* Declaration of Attorney Porray, Exhibit A. DAG Porray explained that counsel had a second dispositive motion due July 12, 2021, and was tasked with creating a new inmate litigation team for the Office of the Nevada Attorney General. DAG Porray requested Plaintiff consent to a 45-day extension of time for the dispositive motion deadline. DAG Porray explained why she was covering the meet and confer for counsel and the purpose thereof. She also explained why the Attorney General was unable to give Plaintiff advance notice of the telephone conference, as Plaintiff requested an answer to the same. *Id.*

DAG Porray explained what a dispositive motion was, and explained what the effect of an unopposed motion was. Plaintiff further agreed Defendant could title his motion as unopposed to reflect this agreement. Plaintiff readily agreed to the extension as he

explained he also needed additional time to complete a dispositive motion. Plaintiff was appreciative that counsel would file the unopposed motion. His only request was that a scheduling order with the date for dispositive motions be included. DAG Porray informed Plaintiff of the contents of an unopposed motion and that it would necessarily include the date. *Id.*

### III. LEGAL ARGUMENT

Motions to enlarge time are governed by FED R. CIV. PROC. 6(b) and Nevada Local Court Rule 26-3[2] and 26-6:

> (b) Extending Time.
>
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.[3]

and

> LR 26-3. EXTENSION OF SCHEDULED DEADLINES
> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;

---

[2] On April 17, 2020, the Federal District Court of Nevada amended the Local Rules. This motion cites to the most recent version.
[3] FED R. CIV. PROC. 6(b)

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
(d) A proposed schedule for completing all remaining discovery.[4]

Defendant provides the following information in compliance with LR 26-3.

### A. Statement Of Completed Discovery

To date, the following discovery has been completed: Plaintiff's First Set of Interrogatories to Defendant Darren Spiece and Plaintiff's First Request for Production of Documents to Defendant Darren Spiece.

### B. A Description Of Discovery That Remains To Be Completed

There is no remaining discovery to be completed.

### C. The Reasons For The Extension Request

Defendant was unable to complete the dispositive motion for the following reasons: (1) counsel had another dispositive motion due the same day, (2) the OAG is in the middle of a major restructuring and counsel is tasked with the creation of this new litigation team and (3) counsel has been covering for another attorney that was out of the office with a medical emergency. Further, Plaintiff indicated he needs additional time to complete his own dispositive motion and thus consented to the extension.

### D. The Proposed New Deadlines

| | |
|---|---|
| Dispositive Motion Deadline | August 26, 2021 |
| Joint Pretrial order | September 27, 2021[5] |

///
///
///
///
///
///

---

[4] Nevada Local Court Rules ~~26-4~~ 26-3
[5] This deadline is suspended if dispositive motions are filed. The joint pretrial order is due 30 days after a ruling on the dispositive motions or further court order.

Page 4

## IV. CONCLUSION

The parties respectfully request an extension of 45 days to allow for the completion of the dispositive motion deadline.

DATED this 13th day of July, 2021.

AARON D. FORD
Attorney General

By: /s/ Katlyn M. Brady
KATLYN M. BRADY (Bar No. 14173)
Senior Deputy Attorney General

*Attorneys for Defendant*

This stipulation was filed after the expiration of the subject deadline and, therefore, requires a showing of excusable neglect in addition to good cause. Counsel for Defendant fails to address, let alone establish, excusable neglect. Further, work on other cases or establishing a litigation unit does not constitute good cause. Nonetheless, as a one-time courtesy to the parties, the Court will **GRANT** this stipulation. Counsel must strictly comply with all rules and case law.

IT IS SO ORDERED.

Dated: July 14, 2021

_____
Nancy J. Koppe
U.S. Magistrate Judge