1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3 | Tony Hines,

4 |      Plaintiff

5 | v.

6 | Darren Spiece,

7 |      Defendant

Case No.: 2:18-cv-02373-JAD-NJK

**Order Granting Defendant's Motion for Summary Judgment and Closing Case**

[ECF Nos. 55, 61]

8     Nevada inmate and pro se plaintiff Tony Hines brings this civil-rights action against

9 Darren Spiece for due-process violations arising out of a prison disciplinary hearing over which

10 Spiece presided.  Hines alleges that Spiece relied on evidence from a confidential informant to

11 find Hines guilty of introducing drugs into the prison and failed to adequately inform him of or

12 verify the evidence against him.  The parties cross-move for summary judgment.  Because there

13 are no genuine issues of material fact as to whether Spiece provided Hines with sufficient

14 information about the confidential informant's evidence or whether that evidence was reliable, I

15 grant Spiece's motion for summary judgment, deny Hines's motion, and close this case.

16 **Background**[1]

17     Hines was incarcerated at the Southern Desert Correctional Center (SDCC) when

18 Investigator James Scally of the Inspector General's Office conducted a formal investigation

19 about drug smuggling into the prison.[2]  Based on evidence from a confidential informant, Scally

20 charged Hines with the "poss[ession]/sale of intoxicants."[3]  Hines was given a notice of charges,

21 which informed him that "[a]fter a formal investigation was completed[,] it was determined that

22

23

---

[1] The facts are undisputed unless otherwise noted.

[2] ECF No. 55 at 2; ECF No. 61 at 2–3.

[3] ECF No. 55 at 2; ECF No. 61 at 3; ECF No. 61-1 at 2.

Inmate Hines . . . had controlled substances introduced into" SDCC.[4]  A disciplinary hearing on Hines's charge began in December 2017, during which Spiece read Hines his *Miranda* rights and Hines entered a not-guilty plea.[5]  During that hearing, Spiece explained to Hines that he and the disciplinary committee would review the confidential evidence against Hines, communicate with Scally as necessary, and continue the hearing once the committee had the opportunity "to review [] the evidence" and "verify its reliability."[6]

The hearing continued in January 2018, and Spiece explained to Hines that the committee had reviewed the evidence from Scally's investigation.[7]  Spiece confirmed how Hines would like to plead: not guilty.[8]  Spiece then explained that, based on the evidence the committee had been provided, it found Hines guilty of introducing drugs into the prison.[9]  Hines was sentenced to 60 days in disciplinary segregation.[10]  He initiated this lawsuit in December 2018 and was granted leave to proceed *in forma pauperis* in November 2020.[11]  After screening, only Hines's two due-process claims against Spiece remain.[12]  Both parties now move for summary judgment on both claims.[13]

---

[4] ECF No. 61 at 3.

[5] *Id.*

[6] *Id.*  Hines doesn't address the hearing's continuation and states that it occurred on January 2 and 9, 2018.  *See* ECF No. 55 at 2.

[7] ECF No. 55 at 2; ECF No. 61 at 3.

[8] ECF No. 68 (notice of manual filing of CD with audio of Hines's disciplinary proceedings), Audio 3.  The CD Spiece initially filed with the court contained no files or data.  ECF No. 62.  At the court's request, Spiece submitted a replacement CD on March 10, 2022.  ECF No. 68.

[9] ECF No. 68, Audio 1.

[10] ECF No. 55 at 3.

[11] ECF No. 1; ECF No. 30.

[12] ECF No. 17.

[13] ECF No. 55; ECF No. 61.

**Discussion**

**I.      Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[14]  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[15]  A fact is material if it could affect the outcome of the case.[16]

On summary judgment, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party.[17]  So the parties' burdens on an issue at trial are critical. When the party moving for summary judgment would bear the burden of proof, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[18]  If it does, the burden shifts to the nonmoving party, who "must present significant probative evidence tending to support its claim or defense."[19]  But when the moving party does not bear the burden of proof on the dispositive issue at trial, it is not required to produce evidence to negate the opponent's claim—its burden is merely to point out the

---

[14] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  The court's ability to grant summary judgment on certain issues or elements is inherent in Federal Rule of Civil Procedure (FRCP) 56.  *See* Fed. R. Civ. P. 56(a).

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[16] *Id.* at 249.

[17] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[18] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

[19] *Id.*

1  evidence showing the absence of a genuine material factual issue.[20]  The movant need only

2  defeat one element of a claim to garner summary judgment on it because "a complete failure of

3  proof concerning an essential element of the nonmoving party's case necessarily renders all other

4  facts immaterial."[21]  "When simultaneous cross-motions for summary judgment on the same

5  claim are before the court, the court must consider the appropriate evidentiary material identified

6  and submitted in support of"—and against—"both motions before ruling on each of them."[22]

7  **II.      The record does not support Hines's due-process claims against Spiece.**

8         Hines's two remaining claims are for due-process violations based on two theories:

9  (1) Spiece did not provide Hines with an adequate description of the evidence against him and

10  (2) Spiece didn't verify the reliability of the confidential informant's evidence before relying on

11  it to find Hines guilty.[23]  When a protected liberty interest exists and a prisoner faces disciplinary

12  charges, prison officials must provide the prisoner with (1) a written statement at least 24 hours

13  before the disciplinary hearing that includes the charges, a description of the evidence against the

14  prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present

15  documentary evidence and call witnesses, unless calling witnesses would interfere with

16  institutional security; and (3) legal assistance where the charges are complex or the inmate is

17  illiterate.[24]  Due process also requires that there be "some evidence" to support the prison-

18  disciplinary board's decision to place a prisoner in disciplinary segregation.[25]  In the Ninth

19

20  [20] *Celotex*, 477 U.S. at 323.

    [21] *Id.* at 322.

21  [22] *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

22  [23] ECF No. 17 at 8, 11 (screening order).

23  [24] *Wolff v. McDonnell*, 418 U.S. 539, 563–70 (1974).

    [25] *Bruce v. Ylst*, 351 F.3d 1283, 1287–88 (9th Cir. 2003).

Circuit, the some-evidence standard is met if "there is any evidence in the record that could support the" board's decision.[26]  A single piece of evidence may suffice if it is sufficiently reliable.[27]  Courts therefore "do not examine the entire record, independently assess witness credibility, or reweigh the evidence,"[28] and the evidence need not "logically preclude[] any conclusion but the one reached by the disciplinary board."[29]

**A.      Spiece gave Hines an adequate description of the evidence against him.**

Hines alleges that he "was never given a description of any evidence . . . at the hearing" and that there is "no evidence [that he] introduced, possessed[,] or sold any narcotics" in the prison.[30]  It is undisputed that Hines was given an opportunity to present evidence and call witnesses and that his charges were not so complex as to require an attorney.  So the at-issue requirements are whether Hines was given a sufficient description of the evidence against him and whether the some-evidence standard was met.  Spiece contends that the committee made its decision based on confidential evidence but that the prison couldn't reveal that evidence to Hines for two reasons: (1) it could affect confidential informants' future cooperation with investigations and (2) it could compromise the safety and security of Nevada Department of Corrections (NDOC) facilities.[31]  And he maintains that Hines acknowledged the evidence's

---

[26] *Id.* at 1287 (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985)).

[27] *See id.* at 1288.

[28] *Id.* at 1287.

[29] *Hill*, 472 U.S. at 457.

[30] ECF No. 14 at ¶¶ 14–18 (first-amended complaint) (cleaned up); ECF No. 55 at 4 (cleaned up).

[31] ECF No. 61 at 6–7.

1  confidentiality when he signed his notice of charges because that document "referred to the

2  confidentiality of the case and [indicated] that evidence will be available."[32]

3       In the Ninth Circuit, "a prison disciplinary committee's determination derived from a

4  statement of an unidentified inmate informant satisfies due process when (1) the record contains

5  some factual information from which the committee can reasonably conclude that the

6  information was reliable, and (2) the record contains a prison official's affirmative statement that

7  safety considerations prevent the disclosure of the informant's name."[33]  Both elements are met

8  here.  Spiece identifies that the confidential "evidence included photographs of narcotics, witness

9  statements, and information concerning compromised staff."[34]  And during the disciplinary

10 hearing, Spiece told Hines "'that IG Scally was contacted . . . [and he] provide[d] the evidence

11 that he had to support this investigation and his conclusions'"[35]  Scally's evidence was made

12 available to the committee, and the committee based its conclusion on that evidence.  Scally

13 affirms that providing the confidential evidence to Hines "would have a significant negative

14 impact on the NDOC" because it would place the confidential informants "at risk" and would

15 make individuals "unlikely to cooperate with investigations in the future if they believe the

16 NDOC will not protect their identity."[36]  Scally also points out that "the narcotic smuggling in

17 this investigation was highly sophisticated and relied upon compromised staff," and "it remains

18

19

20

---

21 [32] *Id.* at 7.

22 [33] *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987).

   [34] ECF No. 62-5 at ¶ 8 (Spiece's declaration).

23 [35] ECF No. 61 at 8 (citing ECF No. 68, Audio 1, at 1:45–2:06).

   [36] ECF No. 61-3 at ¶ 12 (Scally's declaration).

1 unclear if [Hines] knows how the staff member was smuggling the drugs into the facility," but if

2 that information were released, "there will be copycat attempts."[37]

3      So I find that some evidence supported the disciplinary committee's decision to find

4 Hines guilty. Although the evidence was confidential, the committee found that there was

5 sufficient evidence—including photographs and witness statements—to support a guilty

6 finding.[38]  And I find that the prison's interest in preserving safety and maintaining the trust of

7 informants for future investigations is a sufficient safety consideration to support Spiece keeping

8 these evidentiary details from Hines.

9           **B.      Spiece sufficiently verified the confidential evidence's reliability.**

10      Hines contends that prison officials "used a confidential informant as evidence of

11 [Hines's] guilt without an independent investigation into the alleged [confidential informant's]

12 reliability."[39]  Spiece responds that he "conducted an in-camera review to determine if the

13 evidence appeared reliable" and that the "[d]isciplinary [c]ommittee took a break during the

14 hearing to discuss the evidence and its reliability" and "determined that the evidence support[ed]

15 [Scally's] conclusion that Hines introduced drugs into SDCC."[40]  Spiece aptly points out that

16 while "Hines ultimately believes the [c]ommittee reached the wrong result, this does not mean

17

---

18 [37] *Id.* at ¶ 13.

19 [38] In his motion, Hines argues that Spiece was required to comply with a "Confidential
Information Disclosure Form" before the committee could rely on confidential evidence.  ECF
20 No. 55 at 19–20.  Hines never explains what this form is, points to any relevant authority
indicating that it is required by law, or attaches such a form as an exhibit.  Spiece indicates that
21 "it appears that other prisons may use a specific form to denote the use of a confidential
informant or source," ECF No. 61 at 11–12, but Spiece affirms that "[t]he NDOC does not have"
22 such a form and that he is "unaware of any similar form within the NDOC."  ECF No. 61-5 at
¶ 16.

23 [39] ECF No. 55 at 4 (cleaned up).

[40] ECF No. 61 at 8–9.

his [d]ue[-p]rocess rights were violated."[41]  And Hines responds that Spiece was "bamboozled" by Scally and that his investigation is unreliable.[42]

"Reliability may be established by: (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) an *in*[-]*camera* review of the documentation from which credibility was assessed."[43]  Spiece relies on the fourth category: in-camera review.[44]  Spiece and the other committee members took a break from the hearing to review the evidence from Scally's investigation and confirm its reliability.[45]  In his declaration, Spiece affirms that he "and the other disciplinary hearing panel members found Investigator Scally, his report, and his evidence, including but not limited to photographs and audio evidence, to be reliable."[46]  Hines maintains that the evidence was not reliable because the confidential informants spoke up "only to save themselves."[47]

---

[41] *Id.* at 9.

[42] ECF No. 55 at 12.

[43] *Zimmerlee*, 831 F.2d at 186–87 (citing *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985), *cert. denied*, 476 U.S. 1142 (1986)).

[44] ECF No. 61 at 8.  Spiece also points out that, at the disciplinary hearing, "Hines stated that to bring narcotics into SDCC, he would have been required to compromise staff" and that "[w]ithout prompting, Hines knew the method that the narcotics had been introduced."  ECF No. 61-5 at ¶ 10.  This is the extent of Spiece's argument that Hines corroborated the information from Scally's report and investigation.

[45] ECF No. 61 at 8–9.

[46] ECF No. 61-5 at ¶ 15.

[47] ECF No. 55 at 17.

The committee found that the confidential informant was reliable.  Although the evidence the committee reviewed isn't before me, the court's "[r]eview of both the reliability determination and the safety determination should be deferential."[48]  Because the committee reviewed the evidence and communicated with Scally about his investigation, I extend deference to the committee's determination about reliability and find that Hines has presented no genuine issue about whether the evidence was reliable.  So I grant Spiece's motion and deny Hines's.

**Conclusion**

IT IS THEREFORE ORDERED that Spiece's motion for summary judgment **[ECF No. 61] is GRANTED**, and Hines's motion for summary judgment **[ECF No. 55] is DENIED**.  The Clerk of Court is directed to **ENTER FINAL JUDGMENT in Spiece's favor on all remaining claims** and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
March 22, 2022

[48] *Zimmerlee*, 831 F.2d at 186 (citing *Mendoza*, 779 F.2d at 1293).